Leta A. Eschenbacher
Turner, Stoeve & Gagliardi, P.S.
201 W. North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552; (509) 325-1425 (Fax)
leta@tsglaw.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IBEW PACIFIC COAST PENSION FUND<br><br>                    Plaintiff,<br>     vs.<br><br>UNITED ELECTRIC MOTORS, INC., a Washington corporation,<br><br>                    Defendant. | NO.<br><br>COMPLAINT |

Plaintiff alleges as follows:

## I.   PARTIES AND JURISDICTION

1.1   Plaintiff IBEW Pacific Coast Pension Fund, referred to as the "Trust" or "Trust Fund," maintains a defined benefit multiemployer pension plan ("Plan") established for the purpose of providing pension benefits to eligible members, retirees, and their beneficiaries. The Trust is a joint labor-management Trust Fund created pursuant to Section 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5), and is governed by the

COMPLAINT - 1

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., as amended. The Trust is governed by an appointed Board of Trustees, who are individually and collectively fiduciaries of the Trust and are entitled to bring this action under ERISA Section 4301; 29 U.S.C. § 1451.

1.2   Defendant United Electric Motors, Inc., hereinafter referred to as "United Electric" is a Washington State corporation, UBI number 600206283. United Electric is an electrical contracting business located in the Western District of Washington with a principal office located at 1510 NW 46th Street, Seattle, WA 98107. The corporate officers of United are Richard Waller and Kathleen Waller.

1.3   The Trust alleges United Electric failed to timely pay withdrawal liability in violation of ERISA § 4219; 29 U.S.C. § 1399; ERIA § 502(a)(3); 29 U.S.C. 1132(a)(3). This Court has jurisdiction pursuant to ERISA § 4301(c); 29 U.S.C. § 145(c). Venue in this Court is proper pursuant to ERISA § 4301(d); 29 U.S.C. § 1451(d).

## II.   FACTUAL BACKGROUND

2.1 The Trust re-alleges the allegations contained in paragraphs 1.1 through 1.3 hereof as fully set forth herein.

2.2   Effective April 20, 1999, United became signatory to a Collective Bargaining Agreement ("CBA") between it and the International Brotherhood of Electrical Workers Local Union 46 and subsequent CBAs, binding it to the terms of the governing Trust Agreement. These Agreements required payment of employee fringe benefit contributions to the Trust Fund for each hour of covered employment performed within the jurisdiction of the CBAs.

COMPLAINT - 2

Employees of United Electric performed covered work in the jurisdiction for which fringe benefit contributions were required.

2.3   Effective January 1, 2015, the CBA was terminated. As such, effective January 1, 2015 United no longer had an obligation to contribute to the Trust Fund, at which time the Trust Fund maintained unfunded vested liabilities. United Electric subsequently continued to perform work in the jurisdiction and of the type as that covered by the CBAs, triggering an assessment of withdrawal liability in the amount of $43,485.00 representing United Electric's proportionate share of the Trust Fund's unfunded vested liabilities.

2.4   The Trust notified United Electric of the withdrawal liability assessment and submitted a demand for payment by letter dated June 6, 2017. United Electric failed to request a review of the withdrawal liability assessment and failed to submit any scheduled payments, as outlined in the June 6, 2017 letter. On September 11, 2017, United Electric received a Notice of Default for the outstanding withdrawal liability payments. United Electric failed to cure the default and has failed to submit any payments to date.

### III.   CAUSE OF ACTION

3.1 The Trust re-alleges the allegations contained in paragraphs 1.1 through 2.4 hereof as fully set forth herein.

3.2   ERISA, as amended by the Multi-employer Pension Plan Amendment Act of 1980 ("MPPAA"), requires that employers who withdraw from a multi-employer defined benefit pension plan are liable for a share of the plan's unfunded vested liabilities at the time of the employer's withdrawal. ERISA § 4201; 29 U.S.C. § 1381.

3.3     Pursuant to ERISA § 4203(b), a construction industry employer incurs a complete withdrawal if the employer ceases to have an obligation to contribute to the plan and continues to perform the same or similar work in the jurisdiction of the collective bargaining agreement. 29 U.S.C. § 1383(b).

3.4     When an employer withdraws from a plan, the plan sponsor must determine the amount of the employer's withdrawal liability, notify the employer of the withdrawal liability, and collect the amount of the withdrawal liability from the employer. ERISA § 4202; 29 U.S.C. § 1382.

3.5     Upon proper notice and demand for payment, if an employer fails to make, when due, any withdrawal liability payment, and the failure is not cured within 60 days after the employer is notified of the failure, the employer is in default and the outstanding amount of the withdrawal liability may be immediately due and owing. ERISA § 4219(c)(5); 29 U.S.C. 1399(c)(5).

3.6     Pursuant to ERISA § 4219(c)(3), if withdrawal liability payments are not timely made, interest on the payments shall accrue from the due date until the date on which the payment is made. 29 U.S.C. 1399(c)(3)

3.7     United Electric failed to timely submit withdrawal liability payments to the Trust. The Trust properly notified United Electric of this failure; however, United Electric failed to cure within 60 days of receipt of the notice. As such, the full amount of the withdrawal liability is now due and owing, in the amount of $43,485.00, as well as all accrued interest.

3.8     Unpaid withdrawal liability is treated as delinquent contributions under ERISA § 4301(b); 29 U.S.C. § 1451(b). Under ERISA § 515, contributions shall be made consistent with

COMPLAINT - 4

the terms and conditions of collective bargaining and trust agreements. Pursuant to the Trust Agreement, United Electric is liable for liquidated damages of 20% of the amount of unpaid withdrawal liability. Additionally, pursuant to the terms of the Trust Agreement and ERISA § 502(g); 29 U.S.C. § 1132(g), the Trust is entitled to recover reasonable attorney fees and costs in the collection of the withdrawal liability.

## IV.   REQUEST FOR RELIEF

Plaintiff Trust Fund respectfully requests the Court grant the following relief:

1. Judgment in favor or the Trust Fund and against United Electric for unpaid withdrawal liability, liquidated damages, interest, and attorney fees and costs incurred by the Trust;

2. Such other relief as the Court deems just and equitable.

DATED this 28th day of February, 2018.

TURNER, STOEVE & GAGLIARDI, P.S.

s/ Leta Eschenbacher
LETA ESCHENBACHER WSBA #47091
Attorney for Plaintiff
201 W. North River Drive, Suite 190
Spokane, WA 99201
(509) 326-1552
(509) 325-1425 (Fax)
leta @tsglaw.net

COMPLAINT - 5